**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————————X
                                 :

DANIELLE KIO, on behalf of herself self and all  :
others similarly situated,                            :
                                        :
                 Plaintiff,              :  Civil Action No.
                                        :
vs.                                      :  **CLASS ACTION COMPLAINT AND**
                                      :  **JURY TRIAL DEMAND**
ARSTRAT, LLC.                       :
                                        :
               Defendant.            :
                                        :
——————————————————————X

Plaintiff DANIELLE KIO (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant ARSTRAT, LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Union County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant ARSTRAT, LLC

("ARSTRAT") is a Nevada Limited Liability Company with its principle place of

business located at 14141 Southwest Freeway, Suite 300, Sugarland, TX 77478.

9.     Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class consists of:

•     All New Jersey consumers who were sent letters and/or notices from Defendant ARSTRAT, LLC in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•     Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA.

  b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to August 6, 2019, Plaintiff allegedly incurred a financial obligation to Manhattan Eye Ear Throat Hospital ("the Medical Debt").

17. The Medical Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The Medical Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Manhattan Eye Ear Throat Hospital is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to August 6, 2019, Manhattan Eye Ear Throat Hospital, either directly or through intermediate transactions assigned, placed or transferred the Medical Debt to Defendant for collection.

21. At the time the Medical Debt was assigned, placed or transferred to Defendant, the Medical Debt was in default.

6

22.     Defendant caused to be delivered to Plaintiff a letter dated August 6, 2019 concerning the alleged Medical Debt, which sought to collect an amount owed of $424.79.  Attached as Exhibit A is a copy of the August 6, 2019 collection letter.

23.     The August 6, 2019 collection letter was Defendant's initial communication to Plaintiff for the Medical Debt.

24.     The August 6, 2019 collection letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     The August 6, 2019 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     Upon receipt, Plaintiff read the August 6, 2019 collection letter.

27.     The August 6, 2019 collection letter was Defendant's initial communication to Plaintiff.

28.     The August 6, 2019 collection letter contains the following which purports to comply with the validation notice  provided for under section 1692g(a) of the FDCPA:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within thirty (30) days after receiving this notice that the debt or any portion thereof is disputed, this office will: (1) obtain verification of the debt or (2) obtain a copy of a judgment against you and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

29.     The front side of the August 6, 2019 collection letter also provides in bold letters:     **NOTICE:    SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION AND RIGHTS**:

30.     The Reverse Side of the August 6, 2019 letter provides:

**INSURANCE CLAIMS**: If you would like ARstrat, LLC to assist you with an insurance claim for service(s) referenced in this letter, please contact us at (866) 763-2906.  **Please be advised that providing this information is strictly voluntary and authorizes ARstrat, LLC to discuss confidential information about the service(s) and debt listed herein with your insurer(s) to obtain payment for the same.**  Please be advised that ARstrat does not warrant, promise, represent or guarantee that it will be able to collect insurance proceeds to pay your account or that series will be covered by the insurance provided.

("the Insurance Claims Language")

31.     The August 6, 2019 collection letter is deceptive, misleading, and confusing to the least sophisticated consumer.

32.     The "important information" on the reverse side of the August 6, 2019 letter instructing the consumer to "contact us at (866) 763-2906" for assistance "with an insurance claim for the services(s) referenced in this letter" is false, deceptive, misleading, and confusing to the least sophisticated consumer because it contradicts, overshadows, and confuses the statutory debt validation notice on the first page of the August 6, 2019 letter by encouraging the consumer to forego her verification rights by communicating a certain type of dispute (insurance claims) orally rather than in writing. *Coulter v. Receivables Mgmt. Sys.*, 367 F. Supp.3d 307, 319 (E.D. Pa. 2019) ("Because the least sophisticated debtor could reasonably understand the challenged provisions of the Collection Letter to instruct the consumer that an insurance-related dispute regarding the debt could be raised by calling RMS, when, in fact, a dispute of a debt must be in writing to be effective, the Court finds these provisions overshadowed and contradicted the validation notice in the Letter in violation of § 1692g."); *Morello v. AR Res., Inc.*, No. 17-13706 (FLW) (DEA), 2018 U.S. Dist. LEXIS 138713, at *29 (D.N.J. Aug. 16, 2018); *Kassin v. AR Res., Inc.*, No. 16-4171

(FLW), 2017 U.S. Dist. LEXIS 41187, at *10 (D.N.J. Mar. 22, 2017) (letter encouraging debtors to submit insurance claims by phone violated FDCPA because "the letter instructs that issues with coverage under an insurance policy can be handled by telephone").

33.     15 U.S.C. § 1692g(a)(4) states:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

…

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

34.     Upon receiving a *written* dispute from the consumer within the 30-day debt validation period, the FDCPA requires the debt collector to contact the creditor and obtain verification of the debt before conducting any further collection efforts. 15 U.S.C. § 1692g(b):

**Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise

violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

35.     The August 6, 2019 letter confusingly and misleadingly directs the consumer to notify Defendant about disputes concerning insurance without informing the consumer that oral disputes do not trigger verification under section 1692g(a)(4).

36.     Defendant's instruction in the August 6, 2019 that the consumer may communicate insurance claims by telephone rather than in writing contradicts and overshadows the validation notice, including that of section 1692g(a)(4).

37.     The least sophisticated consumer would be confused and misled by the August 6, 2019 letter.

38.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40.     15 U.S.C. § 1692f generally prohibits "any unfair or unconscionable means to collect or attempt to collect any debt.

41.     15 U.S.C. § 1692g states:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

…

> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added)

42.     15 U.S.C. § 1692g(b) states, in part, that "collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

43.     The Insurance Claims Language is also deceptive and misleading in that it purportedly offers to assist the consumer with processing an insurance claim after the consumer provides confidential information to Defendant.

44.     However, since the August 6, 2019 collection letter was not sent until nearly one year after the August 8, 2018 date of service, any claim that Defendant would have made through insurance on Plaintiff's behalf would have been made after the period provided for making such claims under the consumer's health insurance.

45.     As such, the Insurance Clams Language was not a bona fide offer to assist with making a claim through Plaintiff's health insurance.

46.     Additionally, the bottom of the reverse side of the collection letter contains the following language (the "Guarantor Language"):

| FOR CHANGE OF ADDRESS, MISSPELLINGS OR OTHER ERRORS, PLEASE PRINT CORRECTIONS. | | | |
|---|---|---|---|
| Guarantor's Name | | | Phone #<br>(     ) |
| Guarantor's Address | City | State | Zip Code |

47.     However, the Guarantor Language is misleading, deceptive and confusing since it purports to seek an updating of the consumer's personal information.

48.     Yet, the Guarantor Language also asks the consumer to provide information as to a Third-Party individual who may be a guarantor of the debt.

49.     Thus, the Guarantor Language overshadows Plaintiff's rights under section 1692e(11).

50.     Also included on the reverse side of the letter is a list of state or city names, including California, Nevada, Colorado and New York City.

51.     Nowhere in the front or the back does the August 6 Collection Letter indicate that the rights listed under each state or city name were limited to residents of that particular state.

52.     With respect to COLORADO, the back of the letter reads:

> A consumer has the right to request in that a debt collector or agency cease further with the consumer.  A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

53.     Since Plaintiff resides in New Jersey rights afforded residents of Colorado are not applicable to Plaintiff.

54.     The least sophisticated consumer may believe that he or she would not be afforded the right to request cessation of collection activities since she is a resident of New Jersey.

55.     Alternatively, the least sophisticated consumer may think that he or she is

12

entitled to the all of the additional rights listed on the back of the letter since nothing in the letter indicates that these rights are limited only to residents of these states.  See, Ensminger v. Fair Collections & Outsourcing, Inc., 2016 U.S. Dist. LEXIS 163007 (D.Kan, Nov. 23, 2016).

56.    A debt collection letter violates section 1692e of the FDCPA if it can be read to have two or more meanings, one of which is inaccurate.

57.    Additionally, based upon information and belief, Plaintiff is not legally obligated to pay the Medical Debt.

58.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

59.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

60.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

61.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

62.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

63.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

64.    Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to

receive accurate and trustworthy information regarding her rights under the FDCPA.

65.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

66.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

67.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

68.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

69.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

70.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

71.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

**POLICIES AND PRACTICES COMPLAINED OF**

72.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)     By making false representations of the character or legal status of a debt; and

    (c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

73.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

74.     Plaintiff repeats the allegations contained in paragraphs 1 through 73 as if the same were set forth at length.

75.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

76.     By sending a collection letter, the same as or substantially similar to the August 6, 2019 collection letter, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

C.  15 U.S.C. § 1692e(11) by using language which overshadows the rights provided for under section 1692e(11);

D.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

E.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

F.  15 U.S.C. §1692g(a) by engaging in collection activities  and communications which are inconsistent with the consumer's rights regarding debt verification; and,

G.  15 U.S.C. §1692g(b) by engaging in collection activities  and communications which overshadow or are inconsistent with the consumer's rights.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

 (d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
        August 6, 2020

                            Respectfully submitted,


                       By: <u>s/ Lawrence C. Hersh</u>
                          Lawrence C. Hersh, Esq.
                          17 Sylvan Street, Suite 102B
                          Rutherford, NJ  07070
                          (201) 507-6300
                          *Attorney for Plaintiff*


## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: August 6, 2020              By: <u>s/ Lawrence C. Hersh</u>
                                     Lawrence C. Hersh, Esq

17

EXHIBIT A

August 6, 2019



Web: https://easypaymentnow.com/arstrat/
Toll Free: (866) 763-2906

| Client Name / Current Creditor | Account Number | Balance Due | Date of Service |
|---|---|---|---|
| Manhattan Eye Ear Throat Hospital | ███870 | $424.79 | 08/08/18 |

Dear DANIELLE KIO,

Manhattan Eye Ear Throat Hospital has placed this account with our office for collection. **This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.**

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that the debt or any portion thereof is disputed, this office will: (1) obtain verification of the debt or (2) obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

You may pay by check, money order or credit/debit card. If you wish to make a payment by check or money order through the mail, please detach the below and mail the coupon along with payment to Arstrat, PO Box 33720 Detroit, MI 48232-3720. You may also make a payment by credit/debit card over the telephone by calling (866) 763-2906 and following prompts or online by logging onto https://easypaymentnow.com/arstrat/ and following instructions.

Sincerely,
Recovery Analyst
(866) 763-2906

## NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION AND RIGHTS

*If you would like to make payment by mail, please detach lower portion and return with payment* IONREGC011400

Arstrat
14141 Southwest Freeway, Suite 300
Sugar Land, TX 77478

CHANGE SERVICE REQUESTED

August 6, 2019

1400-NS  ███████
ⁱⁱⁱ||ⁱ||ⁱ|ⁱ||ⁱⁱ||ⁱⁱⁱᵗ||ⁱ||ⁱⁱᵗ||ⁱ||ⁱ|||ᵗ|ⁱ||ⁱⁱ|ᵗ|ᵗ||ᵗ||ⁱⁱ||ᵗ||ⁱⁱⁱ
DANIELLE KIO
309 Greenway Blvd
Roselle NJ 07203-3033

Account #:      ███870
Reference #:   ███646
Balance Due:   $424.79

**USE ADDRESS BELOW IF MAILING PAYMENT:**

**Arstrat, LLC**
**P.O. Box 33720**
**Detroit, MI 48232-3720**
ⁱⁱᵖ||ᵖ||ⁱ||ⁱᵗⁱ|ⁱᵖⁱⁱ||ᵗ|ⁱᵗⁱᵗᵗⁱ||ⁱⁱ|||ⁱᵖ||ᵗⁱⁱᵗ||ᵗ||ⁱᵖ||ᵗ|ⁱⁱ|ᵖ|ⁱ

**Notice: Important Information**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. To ensure professional service and legal compliance, all incoming and outgoing telephone calls to ARstrat, LLC may be recorded and/or monitored.

**Correspondence Address:**

ARstrat, LLC, 14141 Southwest Freeway, Suite 300 , Sugar Land, TX 77478. Please do not send payments to this address.

## CALIFORNIA

State and federal law require debt collectors to treat you fairly and prohibit debt collectors from making false statements or threats of violence, using obscene or profane language, and making improper communications with third parties, including your employer. The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors **may not** contact you before 8 a.m. or after 9 p.m. They **may not** harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you **may not** receive personal calls at work. For the most part, collectors **may not** tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. **For more information about debt collection activities, you may contact the Federal Trade Commission by telephone at 1-877-FTC-HELP (382-4357) or online at www.ftc.gov**

Nonprofit credit counseling services may be available in the area.

## COLORADO
**FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.**

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any action authorized by law to collect the debt.
Colorado Office Address: **3025 South Parker Rd. Ste 705 Aurora CO 80014**
Colorado Office Phone: **(720) 343-1993**

## MAINE
**Office Hours: Monday – Friday, 8:00 am - 7:00 pm EST**

## MASSACHUSETTS

### NOTICE OF IMPORTANT RIGHTS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment.  Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request.  You may terminate this request by writing to the debt collector.

## MINNESOTA
THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## NEVADA
If the consumer pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgment of the debt by the consumer; and
(2) a waiver by the consumer of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt.
If the consumer does not understand or has questions concerning his/her legal rights  or obligations relating to the debt, the debtor should seek legal advice.

## NEW YORK CITY
New York City Department of Consumer Affairs License Number 2032311-DCA, Houston, TX; License Number 2058049-DCA, Puyallup, WA; License Number 2073431-DCA, Sherman, TX.

## NORTH CAROLINA
North Carolina Department of Insurance Permit Number 112816 Houston, TX; Permit Number 113318, Puyallup, WA; Permit Number 113565, Sherman, TX.

## TENNESSEE
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance, State of Tennessee.

**INSURANCE CLAIMS:** If you would like ARstrat, LLC to assist you with an insurance claim for the services(s) referenced in this letter, please contact us at (866)763-2906.  **Please be advised that providing this information is strictly voluntary and authorizes ARstrat, LLC to discuss confidential information about the service(s) and debt listed herein with your insurer(s) to obtain payment for the same**. Please be advised that ARstrat does not warrant, promise, represent or guarantee that it will be able to collect insurance proceeds to pay your account or that the services will be covered by the insurance provided.

### FOR CHANGE OF ADDRESS, MISSPELLINGS OR OTHER ERRORS, PLEASE PRINT CORRECTIONS.

| Guarantor's Name | | | Phone # ( ) |
|---|---|---|---|
| Guarantor's Address | City | State | Zip Code |